# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC. TELEPHONE CONSUMER PROTECTION LITIGATION<br><br>This document relates to the member cases listed on Exhibit 1 to this Order | Case No.: 11md2286-MMA (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>[Doc. No. 672]<br><br>**GRANTING IN PART DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE RE: DISMISSAL**<br><br>[Doc. No. 615] |

On August 10, 2018, a group of counsel for Plaintiffs and Defendants in this multi-district litigation ("MDL") jointly moved for the Court's approval of a discovery questionnaire and a related protective order providing for limited discovery. Doc. No. 603. On August 15, 2018, the Court ordered any Plaintiff to object to the proposed questionnaire and related procedures. Doc. No. 604. Having received no objections, the Court ordered all Plaintiffs in this MDL to complete and serve a discovery questionnaire within 45 days. Doc. No. 608. The Court permitted Defendants to seek dismissal of any cases in which Plaintiffs failed to serve a completed questionnaire. *Id.*

On November 13, 2018, Defendants moved for an order to show cause why cases in which Plaintiffs failed to timely serve a completed questionnaire should not be

1

dismissed. Doc. No. 615. The Court granted the motion and ordered that Plaintiffs who did not complete the questionnaire show cause why their cases should not be dismissed on or before November 30, 2018. Doc. No. 617. Several Plaintiffs responded. *See* Docket. On January 14, 2019, the Court refused to recommend dismissal in cases where Plaintiffs served their discovery questionnaires late, but indicated it would recommend dismissal of any cases where Plaintiffs failed to respond. Doc. No. 657. Some Plaintiffs responded to the January 14 Order, and the Court granted them relief. Doc. Nos. 662, 671. On February 6, 2019, the Honorable Mitchell D. Dembin, United States Magistrate Judge, issued a Report and Recommendation ("R&R") pursuant to section 636(b)(1)(B) of title 28 of the United States Code and Civil Local Rule 72.1 recommending that the 26 cases in which Plaintiffs had not responded to the Court's order to show cause be dismissed with prejudice. *See* 28 U.S.C. § 636(b)(1)(B); S.D. Cal. Civ. R. 72.1; Doc. No. 672. No objections to the R&R have been filed, and the time for filing objections has expired. *See* Doc. No. 672 at 7-8; *see also* Docket.

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to an R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When neither party objects to an R&R, or to portions thereof, the district court is not required to conduct a de novo review, or "any review at all." *Thomas*, 474 U.S. at 149; *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district judge may nevertheless "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006); *Or. Natural Desert Ass'n v. Rasmussen*, 451 F. Supp. 2d 1202, 1205 (D. Or. 2006).

Here, objections to the R&R were due no later than February 20, 2019. Doc. No. 672 at 7-8. Moreover, Plaintiffs in the 26 cases in which dismissal is recommended have failed to respond to any order of the Court or oppose Defendants' motions since at least November 13, 2018, when Defendants filed their motion for order to show cause. *See* Doc. No. 615; *see also* Docket. Accordingly, the Court finds that Judge Dembin issued an accurate report and well-reasoned recommendation that the 26 cases in which Plaintiffs did not complete and serve discovery questionnaires or respond to the Court's order to show cause be dismissed with prejudice. The Court, therefore, **ADOPTS** the R&R in its entirety and **GRANTS IN PART** Defendants' motion for order to show cause why the cases in which Plaintiffs failed to timely respond to the discovery questionnaire should not be dismissed.

As such, the Court **DISMISSES** with prejudice all claims brought by Plaintiff Aisha Richardson in Miller, et al. v. Midland Funding LLC, et al., 3:17cv473-MMA (MDD).[1] The Clerk of Court is instructed to terminate Plaintiff Aisha Richardson as to 3:17cv473-MMA (MDD).

Additionally, the Court **DISMISSES** with prejudice the following cases in their entirety and the Clerk of Court is instructed to close these cases:

1. Carter v. Midland Funding LLC, et al., 3:14cv1160-MMA (MDD)
2. Clark v. Midland Credit Management, Inc., 3:16cv2078-MMA (MDD)
3. Conger v. Midland Credit Management, Inc., 3:16cv2365-MMA (MDD)
4. De La Cruz v. Midland Credit Management, et al., 3:17cv1639-MMA (MDD)
5. Floyd v. Midland Credit Management, Inc., 3:14cv2423-MMA (MDD)
6. Holland v. Midland Credit Management, Inc., 3:14cv506-MMA (MDD)
7. Jesula v. Midland Credit Management, Inc., 3:15cv2009-MMA (MDD)

---

[1] A typo in the R&R refers to this case as 15cv473. Doc. No. 672 at 7.

| | |
|---|---|
| 1 | 8. King v. Midland Credit Management, Inc., 3:14cv2909-MMA (MDD) |
| 2 | 9. Laurore v. Midland Credit Management, Inc., 3:16cv2487-MMA (MDD) |
| 3 | 10. Leone v. Midland Credit Management, Inc., 3:14cv905-MMA (MDD) |
| 4 | 11. Maitlen v. Midland Credit Management, Inc., et al., 3:15cv2636-MMA (MDD) |
| 6 | 12. McCulley v. Midland Credit Management, Inc., 3:16cv1361-MMA (MDD) |
| 7 | 13. McDonald v. Midland Credit Management, Inc., 3:14cv689-MMA (MDD) |
| 8 | 14. McGee v. Midland Credit Management, Inc., 3:14cv1317-MMA (MDD) |
| 9 | 15. Miller v. Midland Credit Management, Inc., 3:15cv710-MMA (MDD) |
| 10 | 16. Linko v. Midland Credit Management, Inc., et al., 3:14cv1442-MMA (MDD) |
| 12 | 17. Neal v. Midland Credit Management, Inc., 3:15cv896-MMA (MDD) |
| 13 | 18. Nelson v. Midland Credit Management, Inc., 3:15cv2008-MMA (MDD) |
| 14 | 19. Pacheco Jr. v. Midland Funding, LLC, 3:17cv451-MMA (MDD) |
| 15 | 20. Pugh v. Midland Credit Management, Inc., 3:16cv1977-MMA (MDD) |
| 16 | 21. Vasquez v. Midland Credit Management, Inc., et al., 3:16cv1294-MMA (MDD) |
| 18 | 22. Ward, et al. v. Credit One Bank, NA, et al., 3:17cv448-MMA (MDD) |
| 19 | 23. Watters v. Midland Credit Management, Inc., et al., 3:17cv1687-MMA (MDD) |
| 21 | 24. Wentworth v. Midland Funding, LLC, 3:14cv1355-MMA (MDD) |
| 22 | 25. Wong v. Midland Funding, LLC, et al., 3:14cv1538-MMA (MDD) |

**IT IS SO ORDERED**.

Dated: February 21, 2019

Hon. Michael M. Anello
United States District Judge